Smith, J.
The plaintiff in error in this proceeding seeks the reversal of a judgment against it recovered by the defendant in error in an action brought by her against the village to recover damages for the death of Mrs. Miller, brought about, as it is claimed, by a fall on a sidewalk in said village, which it is averred, was negligently allowed to be and remain in a dangerous condition.
It is urged by the plaintiff in error that the court erred in overruling a motion for a new trial based on the ground that the verdict was against the weight of the evidence, and that the court erred at the trial in the admission and rejection of evidence, and in the charge given to the jury and in refusing to give certain special charges asked by the defendant. We notice these in their order.
Though there was quite a conflict in the evidence as to the fact|whether the village had been guilty of negligence in allowing the sidewalk to be and remain out of repair at the point thereon where Mrs. Miller received her injury, we think*that the’finding* of the jury that there was such *472 negligence on the part of the village in allowing the sidewalk at that point to remain in the condition it was at the time the injury was sustained, was not so manifestly against the weight of the evidence as to justify us in reversing the judgment on that ground. It is clear, we think, that in some places the walk was, and long had been in bad condition, and if the testimony of several of the witnesses is to be credited, it was so at this particular place, and though this was denied by other witnesses, as the jury was the tribunal to judge of the weight and credit to be given to the evidence by these witnesses unless their finding is manifestly wrong, we should not interfere with it.
We have had more doubt as to the question whether it was shown that the injury received by Mrs. Miller was the proximate cause of her death. The law as to this was clearly and explicitly stated to the jury by the court, and they were told that unless this were so, the plaintiff was not entitled to recover, On this point, too, there was evidence which, if the jury believed it to be true, justified them in finding that it was, and though there was strong evidence to the contrary, we have reached the conclusion that for the reasons before stated, we cannot rightly interfere with their finding on this ground. And so of the issue raised as to whether Mrs. Miller by her own negligence directly contributed to her injury.
It is further objected that the trial court erred in allowing the plaintiff below to offer testimony tending to show that a short time after the accident to Mrs. Miller, the village, by its agents, made repairs to this sidewalk, at and about the place where she received her injury. The manner in which this testimony was received was this: No such evidence was offered by the plaintiff in chief. When the defendant was introducing its evidence in defense, it called a witness who testified in substance that under the emplovrqent of the village, he had charge of this sidewalk to *473 keep it in repair, before and after the accident to Mrs, Miller, and that on the day on which she was injured, (which was early in the morning),he had carefully examined the sidewalk in question, and also a few hours after Mrs. Miller had fallen thereon, and had found it in good condition at the point where she fell. Of course, this was relevant and important evidence, and, on cross-examination of this witness,he was asked whether it was not true that with,-in eight days after the accident he, with two assistants, had made repairs to the sidewalk at this and other points. The question was objected to by the counsel for the village, but the objection was overruled and exception taken, and the witness was allowed to answer, in substance, that a few days after the accident he had gone over and examined the walk,and found that it did need repair, and that he and his assistants did, for the village, repair it.
We think it entirely clear that the plaintiff, in offering her testimony to show negligence on the part of the village in permitting the sidewalk to be out of repair, could not, for this purpose or object, legally offer evidence tending to prove that shortly after the accident the village had repaired this sidewalk, — thus to raise the presumption that at the time Mrs, Miller was injured, the Bidewalk was in bad condition. See the discussion of this question in' 8tb C. C. Rep., 701, and the authorities, there cited, and particularly the case cited from 80th Minn., 465, where the reasons for the exclusion of such evidence are very forcibly stated. But in my opinion, under the circumstances of this case, as hereinbefore stated, the question and answer were competent. It was a legitimate and proper cross-examination of this witness to test his credibility and throw light on the question whether his statement as to the safe condition of the sidewalk at thejtime cf the accident was *474 trustworthy and entitled to credit. If on such cross-examination the witness should state facts, which would limit or discredit his statement in chief, the plaintiff should have the benefit of such statements.
Suppose the question had been put to him, whether within a few minutes after the time he first examined it, and as he said, found the sidewalk in good condition, he had returned there, and with his assistants had torn out the old and rotten sleepers and the boards laid upon them for the walk, and re-placed them with new ones, and he had answered that he had done so, would not such testimony go very far to discredit his first statement, made a few minutes before,that the walk was in a safe and good condition? Such would certainly seem to be the case, and that such examination and evidence would be competent as tending to discredit his first statement. It is analagous to a case of this kind: Suppose the witness had testified,as he did, that When he examined it shortly after the accident he had found it in good condition, — 'should it not then be admissible on cross-examination to ask him if he had not soon after that told a number of persons that when he examined it, it was in very bad condition? It certainly could, to show whether his original statement was entitled to credit. For any other purpose, of course, his statement to others would not be admissible as against the defendant, or as tending to show that what he thus said to others was true. And so the answer of the witness as actually given was not admissible as tending to prove that by making the repairs, the village in any way admitted that the sidewalk was in bad condition at the time of the accident, or that it needed any repair, but was admissible only for the purpose of discrediting the witness out of his own mouth, and it would be the duty of the court, if called upon to do so, to state for what purpose the evidence was competent.
One of the grounds set out in the motion for a new trial *475 Was that‘-the damages were excessive, appearing to have been given under the influence of passion or prejudice.” The evidence disclosed that Mrs. Miller, plaintiff’s intestate, was about sixty-eight years old when she was injured. She was living with her husband, sixty-nine years of age, •and the widow of a deceased son, with her six small children, lived with them. The daughter-in-law was occupied with business in the city during the day,' and as a rule, was •at home only at night. The old lady attended to the household affairs and cared for the children. She was, according to the evidence, a frail looking woman, and owing to ■some organic disease of the heart, we suppose, her expectation of life was not great. She had also been seriously injured some time before this accident by falling into an open cellar-way, but seemed to have in' great measure recovered from the effects of the fall,
This, in substance, was the character of the evidence submitted to the jury, as to the measure of damages. Evidence was also introduced tending to show that she suffered greatly from the effects of the fall on the sidewalk, and was confined to her bed for weeks and perhaps months thereafter, her thigh bone having been fractured by the fall. The verdict of the jury was $2500 damages, which •was upheld by the court. Conceding the fact that . the plaintiff was entitled to recover, we are of the opinion that the damages allowed were excessive. The jury were instructed on this point by the court as follows, viz:
‘‘The rule furnished by the statute is, that the jury may give such damages as they shall deem fair and just with reference to the pecuniary injury resulting from the death of Jane Miller to her husband, and to her surviving daughter Mrs, Jennie Atkinson. • And in determining the pecuniary injury from her death, the reasonable expectation of what the husband or daughter might have received from her had she lived, is a proper subject for the consideration of the jury. You may consider the Iosb of house *476 hold services rendered by Jane Miller. Also the ' loss to the surviving husband of the wife’s society. Also the age, health and occupation of the surviving husband, and of the daughter Mrs. Atkinson. Also the age, health and habits of industry of the deceased, Jane Miller; - and all other circumstances shown by the evidence in the. case for the purpose of estimating the pecuniary injury to the surviving husband and the surviving daughter.
“And in estimating the damages, the jury will not consider the expense of nursing or physician’s services rendered Jane Miller. Neither will they consider the bereavement of the beneficiaries, or the anxiety,, anguish or pain suffered by the living for the dead. The' damages' are for pecuniary loss, not for a solace.”
This seems to us to have been a proper statement of the law as to the rule by which the damages should be ascertained, unless the statement that they might take into the account the loss to the husband of the wife’s society be incorrect, but this was not excepted to. But on the evidence we cannot see how the jury was authorized to find any such sum. As has been said, she was 68 years old and frail in appearance, and there was no evidence as to the value of her services to those entitled -to receive the amount of the judgment to warrant the finding.
At the trial of the case, the counsel for the defendant introduced a witness and proposed to prove a statement of' Mrs. Miller, made some time after the accident, as to how it occurred. The question was asked, what she had said with reference to how the accident happened. This wag-objected to by the counsel for plaintiff, and the objection was sustained by the court, and defendant excepted, and' stated that he expected to prove by the witness that Mrs. Miller then said to the witness that she was walking on thttedge of the sidewalk in a hurry tofmake a train, and that she tripped and fell.
The question thus raised is an interesting and important one, and as to which I personally have felt®great doubt. *477 inhere can be no question but that in an action brought by ..a plaintiff .to recover damages for a personal injury to .himself or herself, received by reason of negligent conduct •of the defendant by reason of which the injury was produced, it would be competent for the defendant to offer admissions of the person so injured, tending to prove, for instance, that the defendant was not negligent, or that she herself was negligent and thus contributed to her own injury. But does the same rule apply where the injury is averred to have caused the death of the injured person, and the action,instead of being brought in her name, is brought .under the statute, section 6134-5, by the administratrix of .her estate for the benefit of the husban or wife, relict, and ■children, or if there be neither, of the parents or next of kin? In the latter case, the damages recovered'are not to' ■be treated as a part of the general estate of the deceased ■person, but as a fund for the beneficiaries entitled thereto. ■It is claimed, too, that the plaintiff under the express provisions of the statute can maintain the action,, only in a •case where the deceased persons, (if death had not ensued), ■could have maintained the action for the personal injury. That is, every defense to such an action available as against the person injured is available in an action brought by the personal representative. But whether the same .rules of ■evidence as to admissions by the person injured as to her conduct, for instance as to how and under what circumstances she received the injury, and whether, there was due ■care on the part of the defendant, or a want ■ of' care ■on her part which contributed to her injury,is the:doubtful ■.question. As to this we think there is no 'decision■ -jit ' this •state by the supreme court, and the decisions; of other states are conflicting. It seems to us that the law, shouid-be that •such evidence should be received. The action, is-.'brought by the personal representative of the deceased person. Though given by the statute, the right comes to the per *478 sonal representative from the deceased person, and it is a general principle of the law that admissions made by those persons under whom others claim, when made before the right of action accrues to the latter, are admissible against them. A majority of the court inclines strongly to the opinion that evidence like this is admissible, and while I doubt whether such is the law, I do not dissent from such holding.
Another question somewhat similar to this, but differing-in some respects, is raised by another ruling of the court.
As has been stated before, one of the material questions in the case is whether this fall upon the side walk- was the proximate cause of Mrs. Miller’s death — that is, whether the heart trouble of which she died had been produced by the fall, or whether if she then had organic heart trouble, the shock brought about by her injury increased it, or. hastened her deah. The defendant sought to prove that she in great measure had recovered from this injury and' was better some months afterwards than she had been before she received the injury.
The defendant called a witness who testified that sometime after Mrs. Miller received the injury she visited her,, and had a conversation with her. She was asked what conversation she then had with her in reference to her health. This was objected to by the counsel for the plaintiff, and the court sustained the objection, to which ruling the counsel for plaintiff in error excepted, and stated to the court, that he excepted to prove by the witness that Mrs. Miller then said that she felt much better than she had been before the accident, and that she was worn out just before the accident with the care of her grandchildren. That she had had a very good rest, and felt better than she had for a good while before the accident.
In addition to the suggestions before made as to thecompetency of admissions by plaintiff’s intestate in a case of *479 this kind, theie.is, perhaps, another reason which would •render some items of the testimony sought to be introduced admissible in this case. The rule of law is that “whenever the bodily or mental feelings of an individual are material to be proved, the usual expressions of such feeling, made •at the time in question, are also original evidence. If they were the natural language of the affection whether of the body or mind, they furnish satisfactory evidence, and often the only proof of its existence.” 1 Greenleaf on Evidence, sec. 102. Such evidence we think, should have been admitted here on that ground, not perhaps as a relation of past events or .feelings, but so much as they were the expressions of her feelings as to her physical condition at that time.
The defendant below asked the court to give a special charge to the jury as follows:
“A person who in the day time voluntarily attempts to pass over a side walk of a village, which he knows from any cause to be defective or unsafe, and which he might easily have avoided, cannot be regarded as exercising ordinary prudence, and therefore cannot maintain an action against said village for damages sustained on account of any such known defects, even if the village was guilty of negligence in allowing such defects to exist.”
This charge was refused and defendant excepted.
The trial judge in his general charge on this point instructed the jury as follows:
“If you find that there was a dangerous place in the sidewalk at the place where Mrs. Miller was injured, or in the immediate vicinity of the place, and that she knew it was unsafe or dangerous to walk over such place, and that she voluntarily and unnecessarily walked on such place, then she cannot be regarded as exercising ordinary prudence.”
And then added this:
“If you find that the village authorities maintained this sidewalk for the use of the inhabitants of the village in pass *480 ing along Paddock Road, and that such walk was commonly used by such inhabitants, then I charge you that Jane Miller had the right to use this side walk, although you find that the sidewalk had gotten out of repair and that she knew of that fact, providing that she used such care in walking over the same as a person of ordinary care would ■use in walking over the same; unless you find that she could easily have avoided it in going on her way to her destination. ”
We are of the opinion that the special charge asked was in strict conformity with the law as established in this state, see 33 Ohio St., 529, and that unless it was in substance given, the court erred in refusing it. This, perhaps, was substantially done in the first part of the charge we have quoted. What follows that part however, seems to limit the rule just stated, by the further language that if the sidewalk was maintained for the use of inhabitants, and was commonly used by them, that she had the right to use it, though it was out of repair, and she knew this, if she used ordinary care in doing so. This limitation on the rule we think was objectionable. If it was dangerous and she knew it, the mere fact that it was commonly used by others, and that she exercised ordinary care in using it, would hardly seem to give her the right to recover damages for an injury thus received by her where the village also was neglectful. To so hold, would be to run counter to the decision before quoted, which makes it negligence per se for a person to expose himself to a known danger unnecessarily. And it is a question with us, whether the final paragraph of the charge in question, that the rule stated by him would not apply unless the jury should find that she could easily have avoided it in going on her way to her destination, cause the error. To say the least of the charge on this point we think it is very questionable if the law was correctly stated. But on the”other grounds stated, we think the judgment should be reversed and a new trial awarded.